UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GORDON FLEMING,

                            Plaintiff,

           -against-

BARROSO HOME RENOVATIONS II INC.,
DAVID SANTOS, an individual, DOMINICK
LOPES, an individual, and RAY PETROCELLI,
an individual,

                          Defendants.
-------------------------------------------------------------X

ORDER

CV 13-1014
(Wexler, J.)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 14 2016 ★
LONG ISLAND OFFICE

WEXLER, District Judge:

       Plaintiff Gordon Fleming commenced this action against defendants Barroso Home Renovations II Inc., David Santos, Dominick Lopes ("Lopes"), and Ray Petrocelli (collectively "defendants") asserting claims of race discrimination and retaliation and failure to pay overtime wages in violation of the applicable federal and New York state laws. Plaintiff's motion for default judgment was granted on April 9, 2015, and judgment in the amount of $390,318.04 was entered against defendants. *See* DE [44]. In attempting to enforce the judgment, plaintiff discovered that defendant Lopes's legal name, used on both his car registration and a former deed to his home, is "Domingos" not "Dominick." Currently before the Court is plaintiff's motion to amend the caption and the judgment, pursuant to Rules 15(a)(2) and 60(a) of the Federal Rules of Civil Procedure, to correct the name of defendant Dominick Lopes to Domingos Lopes. Motion, DE [45]. The motion was served upon all defendants, but no opposition has been submitted. The motion is granted, both as unopposed and on the merits.

       "Where there is notice and no discernible prejudice, amendment has been allowed to correct the name of a sued party while a suit is pending or even after judgment." *Circuito Cerrado Inc. v. La Camisa Negra Rest. & Bar Corp.*, No. 09-CV-5181, 2011 WL 1131113, at *2 (E.D.N.Y. Mar. 7, 2011), adopted by 2011 WL 1131130 (E.D.N.Y. Mar. 28, 2011); *see also*

*Datskow v. Teledyne, Inc.,* 899 F.2d 1298, 1301 (2d Cir. 1990) (a misnomer may be corrected when "plaintiffs did not select the wrong defendant but committed the lesser sin of mislabeling the right defendant."). Here, defendant Lopes was served with the complaint and appeared in the case. He had two separate attorneys who referred to defendant by his nickname and who never suggested that plaintiff was suing the wrong person. In addition, Plaintiff has provided uncontroverted evidence that Domingos Lopes is defendant's legal name. Significantly, he has not opposed the instant motion despite it having been served upon him.

The Clerk of the Court is directed to correct defendant Lopes's first name to "Domingos" and is further directed to issue an amended judgment incorporating this correction.

SO ORDERED.

                                          LEONARD D. WEXLER
                                          UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
        July 14, 2016